UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Inthe matter of the application of,

ABRAHAM K. TAMATEY
Petitioner,

05 - 11528WGY

Referred to MJ LT Sorokin

Petitioner/ Plaintff,

v.

Michael Chertoff Secretary of Department of Homeland Security.
Bruce Chadbourne Interim Field office Director of Detention and
Removal, Boston Field office Bureau of Immigration and Customs
Enforcement, Department of Homeland Security.
Thomas M. Hodgson, Sheriff Bristol County House of Correction

Respondents/ Defendants

## PETITION FOR A WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U. S.C.: 2241

Now comes ABRAHAM K. TAMATEY (here in after "MR TAMATEY" Petition
er') and here by petitions this court for a writ of Habeas Corpus
to remedy his unlawful detention by Respondents and Allow for
relief stated in his "Prayer for Relief", Infra  Petitioner's
Brief.

### PARTIES

1. Petitioner,ABRAHAM TAMATEY has been physically continuousl
y in the U.S. Immigration coustody since January 27 2004,and is a
native and citizen of Ghana.On or about April 28 2004. He was
ordered removed back to Ghana. On or about January 27 2004, he wa
was taken into Immigration custody by members of the Bureau of

the Immigration and custom Enforcement for over six (6) months

2. RESPONDENT Michael Chertoff is the secretary of Department
   of Homeland Security of the United States of America (here
   in after "DHS), and is responsible, for the administration
   of ICE and the Implementation, andEnforcement of the Immig-
   ration Laws. As such he is the ultimate legal custodian of
   the Petitioner.

3. Respondent Bruce Chadbourne is the Interim Field office
   Director for Detention and Removal Boston Field, Bureau
   of Immigration and Customs Enforcement Department of Home-
   land Security. AS, such as he is the highest rankling local
   ICE offical who has immediate custody of petitioner.
   Respondent Department of Homeland Security is the agency
   in charge with implementing and enforcing the Immigration
   Laws.

4. Respondent Thmas M.Hodgson Sheriff Bristol county House of
   Correction has immediate custody of petitioner.

## CUSTODY

Petitioner is detained at the Bristol county House of
Correction in North Dartmouth Massachusetts.
ICE has contracted wibh Bristol county House of correction
to house Immigration detainees.
Mr TAMATEY HAS ALWYS BEEN under the direct complete and
their agents.

## JURISDICTION

This action arises under the constitution of the United States

the Immigration and Nationality Act of(:INA") 8 U.S.C.[110let seq

:as amended by the Illegal Immigration. Reform and Immigration

Responsibility Act of 1996("IIRIRA"),Pub. L. No 104-208. 110Stat.

1570 and under 28U.S.C.(2241,Act 1) 9,CI.2 of the United STATES.

Constitution ("Suspension Clause"),and 28U.S.C.)1331, as petition-

er is presently in custody under  .color of the authority of the

United States, and as such custody is in violation of the consfit

ution laws, or treaties of the United States see Zaduydas v.Davis

533U.S. 678(2001): Carranza v.INS,277 F.3d 65(1st Cir. 2002)

(following enactment of IIRIRA, federal courts retain subject

matter jurisdiction over habeas corpus petitioner.

## VENUE

Venue lies with the District of Maasachusetts because Mr. TAMATEY

is currently detained at Bristol county house of correction in

North Dartmouth Massachusetts Venue is also proper because

Petitioner is in the custody of Respondent Bruce Chadlbourne.

ICE Interim field office Director for Massachusetts. See  28 U.S.

C. ) 1391.

## EXHAUSTION OF REMEDIES

Petitioner has exhausted his administrative remedies to the exten-

t required be law, and his only remedy is by way go this judicial

action. After the Supreme court deceision in Zadvydes v. Supra

the Department of Justice (here in after "DOJ:)issued regulations

governing the custody of aliens odered removed. Petitioner Mr.
Tamatey was ordered removed from the United States by Immigra-
tion Judge on April 28 2004. On December 3rd 2004 the Board of
Immigration Appeals denied his appeal, (Exhits 2/2.) Mr. Tamatey
requested a custody Review Determination (here in after "CRD ")
with the local ICE office at the 90- days interval of detention
subsequently with ICE Headquarters Post Oder Detention Unit (here
in after "NQPDU") at the 180 days interval of his detention.
(Exhibits 3).He submitted his first custody request on or about
March 3rd 2005 (Exhibits 3) and it was denied. Asecond applica-
tion was filed on or June 3rd 2005 with similar negative result.
Perhaps due to the uneven practice of following the detailed
procedures for review see 8 C.F.R.) 1241. 13 et seq. No statutory
exhaustion requiements apply to petitioner clam of unlawful deten
tion. Mr Tamatey is eligible to file the instant petition by the
mere fact that he has been detained for longer than six (6)
MOnths without being deported. Zadvydas,supra see also Rowe v.INS
45 F. Supp 2 d 144 (Mass 1999). He has exhausted all remedies and
is not eligible fôr nor is he requesting any stay of deportation
under INA § 241 (c) (2)8 U.S.C.§ 1231 (2) (c). His Immigration
case was initially ended December 3rd 2004, when he was odered
removed. As such has exhausted all administrative remedies and is
therefore eligible to argue additional arguments as he may deem
necessary.

## STATEMENT OF FACTS

Mr. Tamatey entered the United States on Jan. 27th 2002 on April
28th 2004 his application for Asylum and withholing of removal waS
denied by an Immigration Judge. The BIA denied his appeal on
December 3rd 2004. He has been in Immigration custody and deten-
tion with a final order since then for a period of six (6) months
INS FIRST Beviewed Mr. Tamatey's detention status on or about
February 25th 2005 after the 90-day removal period pursuant to
past-od order Review procedures at 8C.F.R. § 241.4.. In a letter
dated February 25th 2005 ICE denied his requeat for release,
stating that ICE have been making attempts to repatriate peti-
tioner, by requesting a travelling document from the Government
of Ghana. They indicated that the Government of Ghana regularly
approves cases for removal and there is no indication at this
time that your case will not be approved. As result of the con-
tinued detention, Mr. Tamatey's case was transferred to the Head-
quarter Post Detention Unit (HQPDU). They did not send me letter
stating that any case have been transferred to the headquarters.
ICE has offered no evidence to suggest that removal in petitioner-
's indiviual case is reasonable foreseeable uow.

## LEGAL FRAMEWORK FOR RELIER
## SOUGHT

In Zadvydas The Supreme Court held that 8 U.S.C. § 1231(a) (6)
when "read in light of the constitution demands an alien's post-
removal detention to a period resonable necessary to bring about
the alien's removal from the United States" Id ;121 S. Ct. at

2498. A Habeas Court must [first[ ask whether the detentions in question exceed a period reasonably necessary to secure removal. ID at 2504, if the Individual's removal is not reasonably foreseeable "the court should hold continued detention unreason able and no longer authorized by statute " Id.

After six (6)months the Governmentb bears the burden of disproving an alien's "good reason to believe that there is no significant likelihood of removal in the reasonable foreseeable future", See Zhou v. Farguharson.2001 U.S. dist LEXIS 18239* 2-*3(D.Mass Oct. 19 2001)(Quoting and summarizing Zadvydas ).

Evidence showing successful repatriation of other persons to the country at issue is not sufficient to meet the Governmement's burden to establish that an alien petitioner will be deported with in the reasonably foreseeable future. See Thompson v.INS 2002 U.S. Dist Lexis 23936(E.D, La Sept.16 2002) Government failed to show alien's deportation to Guyana was reasonably forseeable where Government offered historical statistic of repatriation to Guyana but failed to show reponse from Guyana on the application for tfavel document that INS and the petitione had requested): Kacanic v, Elwood 2001 U.S. Dist Lexis 21848 at * 14(E.D, Peen. Nov.8th 2002) Government's reliance on data concerning removal of aliens to Yugoslavia did not satisfy Zadvydas because Govennment failed to give information about the number of aliens that were denied travel document)(Ablahad V. Ashcroft 2002 U.S.Dist. LEXIS17405 at *4(N.D.III. Sept 6th 2002)(evidence that aliens have been deported to petitioner's country is not enough to carry the Government's burden under Zadvydas) .Rather, for the Government to meet his burden of

showing that an alien's repatriation is reasonably foreseeable
if it must provide some meaningful evidence particular to the
Individual petitioner's case. Compare Thompson, Kacianic and
Abladah with Khan v.Fasano,194 F. Supp.2d 1134(S.D. Cal 2001).
An alien who has been detained beyond the presumptive six months
should be released where the Government is unable to present
documented confirmation that the foreign Government at issue
will agree to accept the particular individual in question.
See Aghada v.Ashcroft.2002 U.S. Dist Lexis 15797(1).Mass August
22sd 2002)(court "will likely grant" habeas petition after
14 months if ICE "is unable to present document confirmation
that the Nigerian Government has agreed to [petitioner's[ REP
repatriation") Zhoai 2001 U.S. Dis. Lexis 18239, Abdu v.Ashcroft
2002U.S. Dis. LEXIS 16129 LEXIS 19050 at* 7(W.D.Wash February
28th 2002): Mohamed v.Ashcroft 2002 U.S. Dist LEXIS 16129 at
* 7(W.D. Wash April 15th 2002.)(Quotation omitted).


## CLAIMS FOR RELIEF

### 1.STATUORY VIOLATION

   Petitioner re-alleges that continued detention by the respon-
dents violates INA § 241(a)(6),as interpreted in Zqdvydas that
Pbeitioner's six months    presumptively reasonable period
for continued effort passed months ago for the reasons outlined
above, petitioner's removal to Ghana is not reasonably foreseeabl-
e .The Supreme Court held in Zadvydas that the continued detentio-
n of someone after six months where deportation is not reasonably
foreseeable is unreasonable and in violation of INA § 241.

## 2.   SUBSTANTIVE DUE PROCESS VIOLATION

Petitioner continued detention violates hes right to substantive

due process by depriving him his core liberty interest to be free

from bodily refrain. Government's interest in detaining petition-

er in oder to effect his deportation, dose not exist if Mr. Tama-

tey connot be deported. The Supreme Court in Zadvydas thus inter-

preted INA § 241 to allow continued detention only for a period

resasonable necessary to secure the alien's removal because any

other reading would go beyond the Government's articulated inter-

est the alen's removal.

## 3.   PROCEDURAL DUE PROCESS VIOLATION

Under the due process clause of U.S. Consititution an alien is

entitled to a timely and meaningful opportunity to demonstrate

that he should not be detained. The petitioner in this case been

denied that opportunity as there is no administrative mechanism

in place for the petitioner to demand a decision, ensure that a

decision will ever be made, or appeal a custody decision that

violates Zadvydas.

### PRAYER FOR RELIEF

Wherefore petitioner Prays that this court may grant the followi-

ng relief;

1.   Assume jurisdiction over this matter.

2.   Grant Petitioner a Writ of Habeas Corpus directing the Respo-

ndents to immediately release Petitioner from custody;

3.  Order Respondents to refrain from transferring the petitioner
out of the jurisdiction of ICE Boston District Director during
the pending of these proceedin and while petitioner while the pe-
titioner remains in Respondent;s custody and;

4.  Grant any other and further relief which the court deem
joint and proper.

I, affirm under penalty of perjury that the forgoing is true
and correct.

Respectfully Submitted this 17th day of June 2005

Abraham Tamatey

ABRAHAM K. TAMATEY Pro-S e
Bristol County Sheriff Office
400 Faunce Corner Road
North Dartmonth MA. 02747.

CERTIFICATE OF SERVICE

I, Abraham K. Tamatey, Certify that a true copy of the above
document (petition for Writ of Habeas Corpus) together with atta-
ched documents was served on 17th day of June 2005,upon the
following;


Frank  Crowley
Special Assistant U.S. Attorney
Dept. of Homeland Security
Post Office Box 8728
Boston, MA. 02114.


By placing a copy of the above in the mail system at the facil-
ity where I am detained.

_____
ABRAHAM K. TAMATEY      Pro  Se
Bristol County Sheriff Office
400 Faunce Corner Road
North Dartmonth MA. 02747.

Exhibit ①

IMMIGRATION COURT
JFK FEDERAL BLDG., ROOM 320
BOSTON, MA  02203-0002

In the matter of:                        Case No:  A96-413-059

TAMATEY, ABRAHAM K.

Applicant                                IN ASYLUM-ONLY PROCEEDINGS

On Behalf of the Applicant               On Behalf of the DHS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Apr 28, 2004 and
is issued solely for the convenience of the parties.  If the proceedings
should be appealed or reopened, the oral decision will become the official
opinion in the case.

    ORDER:    It is hereby ordered that the applicant's request for:

    [ ] 1. Asylum is:
          [ ]  Granted
          [ ]  Withdrawn
          [X]  Denied

    [ ] 2. Withholding of Removal under INA 241(b)(3) is:
          [ ]  Granted
          [ ]  Withdrawn
          [X]  Denied

    [ ] 3. Withholding of Removal under the Convention Against Torture is:
          [ ]  Granted
          [ ]  Withdrawn
          [X]  Denied

    [ ] 4. Deferral of Removal under the Convention Against Torture is
          granted.

    Date:  Apr 28, 2004

                                         _____
                                         PAUL M. GAGNON
                                         Immigration Judge

APPEAL: ~~WAIVED~~
APPEAL DUE BY:

DL9

**U.S. Department of Justice**
**Executive Office for Immigration Review**

Decision of the Board of Immigration Appeals

**Falls Church, Virginia 22041**

File:    A96-413-059 - Boston                                           Date:        DEC 0 3 2004

In re:   TAMATEY, ABRAHAM K.

IN ASYLUM PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:  Jensen, Thomas A.

ORDER:

PER CURIAM. The Board affirms, without opinion, the results of the decision below. The
decision below is, therefore, the final agency determination. *See* 8 C.F.R. § 1003.1(e)(4).

*Authory C. Upscato*

FOR THE BOARD



**U.S. Department of Justice**

Exhibit (2)

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

Jensen, Thomas A.
805 15th Street, N.W.
Suite 700
Washington, DC 20005-0000

Office of the District Counsel/BO
P.O. Box 8728
Boston, MA 02114

Name: TAMATEY, ABRAHAM K.

A96-413-059

**Date of this notice: 12/03/2004**

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

Frank Krider
Chief Clerk

Enclosure

Panel Members:
MOSCATO, ANTHONY C.

**U.S. Department of Homeland Security**
Immigration & Customs Enforcement
Detention & Removal Operations
New England Field Division



JFK Federal Building
Government Center
Boston, MA 02203

**TAMATEY, Abraham** A96413059
C/O BRISTOL COUNTY HofC

Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of the Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to the reviewing officials.

You are a native of and a citizen of Ghana who entered into the United States on January 27, 2004 as an Asylum applicant  On May 28, 2004 you were ordered removed from the United States by an Immigration Judge. On December 03.2004 the Board of Immigration Appeals affirmed the Immigration Judges decision in your case.

Subsequent to receipt of your final order of removal ICE has been making attempts to repatriate you by requesting a travel document from the Government of Ghana. The Government of Ghana regularly approves cases for removal and there is no indication at this time that your case will not be approved.

Based on the above, you are to remain in ICE custody pending your removal from the United States. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with the ICE's efforts to remove you by taking whatever actions the ICE requests to effect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

If you have not been released or removed from the United States by 06-03-05, jurisdiction of the custody decision in your case will be transferred to the Headquarters Post Order Unit (HQPDU), 801 I St. NW, Washington, DC 20536. HQPDU will make a final determination regarding your custody.

Bruce E. Chadbourne
Field Office Director

02-25-05
Date