UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ABRAHAM TAMATEY, ) | |
| ) | |
| Petitioner ) | |
| ) | Civil Action No. |
| v. ) | 05cv11528-WGY |
| ) | |
| MICHAEL CHERTOFF, SECRETARY ) | |
| OF DEPARTMENT OF HOMELAND ) | |
| SECURITY, ET AL. ) | |
| ) | |
| Respondents[1] ) | |

RETURN AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND NOTICE
OF INTENT TO EXECUTE REMOVAL ORDER ON AUGUST 12, 2005

**SUMMARY CASE STATEMENT**

Petitioner is a native and citizen of Ghana presently detained by the Bureau of Immigration and Customs Enforcement of the Department of Homeland Security ("ICE") pending execution of his final order of removal.  His petition to this Court asserts unlawfully prolonged post-order detention[2] in contravention of the Supreme Court's rule in Zadvydas v. Davis, 121 S. Ct. 2491

---

[1] The responsive official of the Department of Homeland Security responsible for enforcement of petitioner's removal order in the instant action is Bruce Chadbourne, Field Office Director for Detention and Removal, Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") in Boston, Massachusetts. See 28 U.S.C. § 517 (providing for the appearance of the Department of Justice "to attend to the interests of the United States in a suit pending in a court of the United States").

[2] Petitioner has been detained pursuant to a final administrative removal order since December 3, 2004, while efforts were being made to obtain authorization from the Ghanaian government for petitioner's return to Ghana.

(2001).

However, because petitioner's removal to Ghana is now scheduled for **August 12, 2005**, petitioner's removal is now "reasonably foreseeable", as required by the Supreme Court, and petitioner fails to state a claim upon which relief may be granted. Zadvydas v. Davis, et al., 121 S. Ct. at 2505.

## ARGUMENT

I.  BECAUSE PETITIONER'S REMOVAL IS NOW SCHEDULED TO OCCUR ON **AUGUST 12, 2005**, THE PETITION FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

Petitioner raises no challenge to his removal order, but instead complains about the length of his detention by respondent awaiting the completion of necessary arrangements for petitioner's removal. However, because petitioner's removal is now scheduled for **August 12, 2005**, petitioner fails to state a colorable claim of unlawful detention.

The Supreme Court in Zadvydas v. Davis, 121 S. Ct. 2491 (2001) recognized six months as a presumptively reasonable period of detention within which to allow the government to accomplish an alien's removal, and said that, "for the sake of uniform administration in the federal courts, we recognize that period". Id. at 2505. The Court further held:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to

> remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. <u>To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future</u>.

<u>Zadvydas v. Davis, et al.</u>, 121 S. Ct. at 2505 (emphasis added).

In <u>Akinwale v. Ashcroft, et al.</u>, 287 F.3d 1050 (11th Cir. 2002), the Eleventh Circuit held that six months post-final order detention must have elapsed before the filing of a habeas petition, and that, "in order to state a claim under <u>Zadvydas</u> the alien not only must show post-removal order detention in excess of six months but also <u>must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future</u>." <u>Id</u>. at 1052 (emphasis added).

In <u>Lema v. USINS</u>, 214 F.Supp.2d 1116, 1118 (W.D. Wash. 2002), <u>aff'd</u> 341 F.3d 853 (9th Cir. 2003), even where post-order detention had <u>exceeded</u> six months, the district court explained that:

> The mere fact that six months has passed since petitioner was taken into INS custody does not satisfy his burden. While an alien's detention will no longer be presumed to be reasonable after six months, there is nothing in <u>Zadvydas</u> which suggests that the Court must or even should assume that any detention exceeding that length of time is unreasonable. Rather, the passage of time is simply the first step in the analysis. Petitioner must then provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."

3

In the instant case, petitioner is now scheduled for removal to Ghana on **August 12, 2005**. Accordingly, there is necessarily a "significant likelihood of removal in the reasonably foreseeable future" and the petition fails to state a claim upon which relief may be granted.

Respondent also hereby provides the Court advance notice of petitioner's removal scheduled for **August 12, 2005**, and advises of the necessity that petitioner be **transported to another state the same day for the removal flight on August 12, 2005**.

### CONCLUSION

For all the reasons set out above, the petition should be dismissed and all other relief denied.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

By:  s/Frank Crowley
     FRANK CROWLEY
     Special Assistant U.S. Attorney
     Department of Homeland Security
     P.O. Box 8728
     J.F.K. Station
     Boston, MA 02114
     (617) 565-2415

CERTIFICATE OF SERVICE

I hereby certify that I caused true copy of the above document to be served upon pro se petitioner by mail on August 3, 2005.

>s/Frank Crowley
> FRANK CROWLEY
> Special Assistant U.S. Attorney
> Department of Homeland Security
> P.O. Box 8728
> J.F.K. Station
> Boston, MA 02114